UNITED STATES DISTRICT COURT
for the
District of Minnesota

UNITED STATES OF AMERICA

v.

AIDE OCHOA-ALAPISCO and
ARMANDO SOLANO-GAMEZ

Case No. 14mj 919 (JJK)

## CRIMINAL COMPLAINT
### FILED UNDER SEAL – PER COURT ORDER

I, Timothy Fletcher, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about October 22, 2014, in Pine County, in the State and District of Minnesota, the defendants, Aide OCHOA-ALAPISCO and Armando SOLANO-GAMEZ, did unlawfully aid and abet the knowing and intentional distribution of 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2(a).

I further state that I am a Deputy Sheriff with the Dakota County Sheriff's Office and a Deputized Task Force Officer with the Drug Enforcement Agency, and that this Complaint is based on the following facts:

SEE ATTACHED AFFIDAVIT OF TIMOTHY FLETCHER

Continued on the attached sheet and made a part hereof:   ☒ Yes   ☐ No

_____
Complainant's signature

Timothy Fletcher, DEA TFO

Sworn to before me and signed in my presence.

Date: 10/24/14

_____
Judge's signature

City and state: St. Paul, Minnesota

Jeffrey J. Keyes, U.S. Magistrate Judge

SCANNED
OCT 2 4 2014
U.S. DISTRICT COURT ST. PAUL

14mj 919 (JJK)

STATE OF MINNESOTA  )
                    ) ss.    AFFIDAVIT OF TIMOTHY FLETCHER
COUNTY OF RAMSEY    )

### Filed UNDER SEAL – Per Court Order

Timothy Fletcher, being duly sworn, deposes and states as follows:

1. I am a Deputy Sheriff with the Dakota County Sheriff's Office in Hastings, Minnesota, where I have been employed since 2011. I have been a criminal investigator since 2014 and, in that capacity, I have participated in numerous investigations related to the distribution of controlled substances. In June of 2014, I was assigned to the Drug Enforcement Administration ("DEA") in Minneapolis, Minnesota, as a Task Force Officer. On June 10, 2014, I was deputized as a DEA Task Force Officer pursuant to the authority granted to the Attorney General by Public Law 99-570, Section 1869 and delegated to the Administrator of the DEA, pursuant to Title 28, Code of Federal Regulations, subpart R, Section 0.100 et seq.

2. I have attended and successfully completed the DEA's two-week drug investigation training. This training covered federal drug trafficking and money laundering investigations. I have participated in numerous local and interstate drug investigations related to the import, sale, distribution and possession of controlled substances and narcotics, including methamphetamine. Many of these investigations have resulted in the arrest and conviction of defendants on state charges.

3. I am an investigator or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code; that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516 of Title 18, United States Code, including Controlled Substance Act violations.

4. This Affidavit is submitted in support of a Criminal Complaint against **Aide OCHOA-ALAPISCO (DOB: 08/17/73)** and **Armando SOLANO-GAMEZ (DOB: 11/23/78)** charging them with unlawfully aiding and abetting the knowing and intentional distribution of 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2(a). The facts set forth herein are based on my own personal observations, my review of police reports, and conversations I have had with other law enforcement personnel. The facts set forth herein do not include the complete facts related to this investigation, but only those facts necessary to support probable cause for purposes of the Complaint.

5. On October 22, 2014, as part of an ongoing criminal conspiracy investigation involving trafficking and distribution of methamphetamine, your Affiant and others with the Drug Enforcement Administration utilized a Confidential Source ("CS") to conduct a controlled purchase of approximately one pound of methamphetamine from OCHOA-ALAPISCO and SOLANO-GAMEZ at their residence located at 43667 Alma Razor Road, Hinckley, Minnesota. At approximately 9:00 am on 10/22/14, your Affiant and DEA Special Agent John Wallace met with the CS. The CS informed your Affiant that, at the direction of law enforcement, the CS had made contact with a female the CS knew only as "Mary" and had arranged to obtain one pound of methamphetamine on a "front," which is a common practice of a narcotics supplier to provide narcotics in advance with the promise to pay at a later date, usually after sales by the recipient from the narcotics supplied have been made. Your Affiant knows from his training and experience that this a common practice of larger Drug Trafficking Organizations that are involved in distributing large quantities for narcotics on a weekly or daily basis and have a large amount of narcotics and money at their disposal.

6. The CS and "Mary," later identified by the CS as OCHOA-ALAPISCO, had initially agreed to meet at the Grand Casino in Hinckley, Pine County, Minnesota to conduct this transaction. During a monitored call, the CS contacted "MARY" and told her the CS was about 30 minutes away. OCHOA-ALAPISCO acknowledged and told the CS to call again when the CS arrived. The CS's person and vehicle were searched and no controlled substances or large amount of United States Currency were located. The CS was fitted with a covert audio and video recording device. Law enforcement officers were deployed to the casino parking lot to observe the transaction.

7. Once teams were in place, your Affiant and SA Wallace followed the CS to the parking lot without making any stops. The CS parked in the parking lot and at law enforcement direction contacted OCHOA-ALAPISCO and told her that the CS had arrived. OCHOA-ALAPISCO told the CS to meet her in the lot and to follow her to another location about 20 minutes away from the Casino. The CS confirmed with your Affiant that this was ok, and officers followed the CS and OCHOA-ALAPISCO to the address of 43667 Alma Razor Road Hinckley, Minnesota.

8. Once at the address, the CS was led into the residence by OCHOA-ALAPISCO where the CS met with a Hispanic male, later identified as SOLANO-GAMEZ by the CS. While inside the residence, which was captured on audio/video, OCHOA-ALAPISCO spoke with the CS about other suspects involved in the distribution conspiracy being investigated, the frequency with which the CS can receive additional methamphetamine, and the dollar amount ($18,000) that will be owed on the current agreed upon pound. OCHOA-ALAPISCO and the CS agreed to the terms, and SOLANO-GAMEZ went into a back room of the home, returned with one pound of methamphetamine, and handed it to the CS.

9. After the CS obtained the methamphetamine from SOLANO-GAMEZ and OCHOA-ALAPISCO, the CS left the residence and was followed by your Affiant and SA Wallace to a predetermined meet location. At the location, the CS provided SA Wallace with the pound of methamphetamine the CS had received. Your Affiant field tested the methamphetamine and obtained a positive test for the presence of methamphetamine. Based on training and experience, your Affiant also observed the methamphetamine and believed it to be high-quality methamphetamine in solid crystal/shard form. Your Affiant then obtained a recorded statement from the CS which described the events previously stated. The CS also positively identified OCHOA-ALAPISCO and SOLANO-GAMEZ through known photographs as the persons with whom the CS met inside the residence and provided the CS with the one pound of methamphetamine.

10. The methamphetamine obtained was later weighed and placed into evidence at the DEA. The methamphetamine weighed 498 grams including the packaging and evidence bag. It should be noted that the pound packaging had a faded hand written label on it with the number 457. Based on training and experience, your Affiant has reason to believe that the "457" refers to the actual weight in grams of the methamphetamine contained in the package.

11. Based on the foregoing, your Affiant has probable cause to believe that on or about October 22, 2014, Aide OCHOA-ALAPISCO (DOB: 08/17/73) and Armando SOLANO-GAMEZ (DOB: 11/23/78) unlawfully aided and abetted the knowing and intentional distribution

of 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2(a).

Further Your Affiant Sayeth Not.

_____
TIMOTHY FLETCHER, Task Force Officer
Drug Enforcement Administration


SUBSCRIBED and SWORN to before me this ___ day of October, 2014,

_____
THE HONORABLE JEFFREY J. KEYES
UNITED STATES MAGISTRATE JUDGE